UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TESSA O'NEAL, | : | Case No. 07-cv-505 |
| | : | |
| Plaintiff, | : | Dlott,  J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| NATIONSTAR MORTGAGE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**REPORT AND RECOMMENDATION[1] THAT: (1) THE MOTIONS TO DISMISS
BY DEFENDANT CENTEX HOME EQUITY COMPANY NKA NATIONSTAR
MORTGAGE (Docs. 11, 15) BE GRANTED; AND (2) PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT (Doc. 16) BE GRANTED IN PART
AND DENIED IN PART**

This matter is currently before the Court on two motions to dismiss pursuant to

Fed. R. Civ. P. 12(b) by Defendant Centex Home Equity Company ("Centex), nka

Nationstar Mortgage Company ("Nationstar").  (Docs. 11, 15.)  Also pending is  Plaintiff

Tessa O'Neal's motion for default judgment under Fed. R. Civ. P. 55(b)(2) against

Defendants Centex, Gateway Mortgage, Inc. ("Gateway"), and Members Title Agency,

L.L.C. ("Members Title"), to which only Centex has responded.  (*See* Docs. 16, 19.)

**I.  BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff initiated this action on June 28, 2007 by filing a motion for leave to

proceed without prepayment of fees accompanied by a *pro se* complaint.  (*See* Docs. 1,

6.)  The motion was granted; the complaint was filed; and summonses were issued to the

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

four named defendants:  Nationstar, Centex, Gateway, and Members Title.  (*See* Docs. 8,

9.)  Summonses were returned executed against Nationstar, Centex, and Members Title

only.  (*See* Doc. 12.)

In her complaint, Plaintiff alleges that in October 2004 she received a flier from

Gateway advertising special loan rates.  (Doc. 6 at p. 5.)  She subsequently signed loan

documents with Centex through Gateway and Members.  (*Id.*)  Plaintiff later experienced

financial difficulties, learned about predatory lending practices, and stopped making loan

payments.  (*Id.*)  Centex, having changed its named to Nationstar, brought a state court

foreclosure action in that name against her.  (*Id.*)  Judgment was entered in favor of

Nationstar, which purchased her property at a Sheriff's sale.  (*Id.*)

Plaintiff claims that Defendants are predatory lenders and seeks compensatory and

injunctive relief.  (*Id.* at 5-6.)  Plaintiff attached to her complaint an "Audit" which sets

out alleged violations of federal law and state law, including the Truth-In-Lending Act

("TILA"), 15 U.S.C. § 1601 *et seq.*; the Equal Credit Opportunity Act ("ECOA"), 15

U.S.C. § 1691 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

§ 2601 *et seq.*; as well as unfair and deceptive trade practices and common-law fraud.

(*See* Doc. 6, att.)

On June 29, 2007, Plaintiff filed a motion for a temporary restraining order to stop

an eviction set out scheduled on her former property that day.  (Doc. 3.)  She

acknowledged in her motion that the present federal court action was preceded by a state

court action in Clermont County, Ohio, that had resulted in a judgment and decree of

2

foreclosure. (*See* Doc. 3 at p. 1.) She stated that her former property was sold at a Sheriff's sale on March 19, 2007, with a Journal Entry on April 20, 2007 confirming the sale. (*Id.* at pp. 1-2.) The Clermont County court issued a writ of possession on May 4, 2007. (*Id.* at 2.) A subsequent Motion for Estoppel was denied on May 10, 2007. (*Id.*) Plaintiff admitted that the time for an appeal had passed but was optimistic about her right to bring a "special consideration appeal" under Ohio Appellate Rules. (*See id.* at p. 3.)

Following a hearing, the motion for a temporary restraining order was denied. (*See* Minutes Entry for June 29, 2007.)

On August 28, 2007, Defendant Nationstar filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). (Doc. 11.) As grounds for the motion, Nationstar asserted that Plaintiff did not make any allegations against it and that the action was otherwise barred by the *Rooker-Feldman* doctrine.[2]

Because Plaintiff failed to file a timely response to the motion to dismiss, she was ordered to show cause why the motion should not be construed as unopposed and granted. (*See* Doc. 13.) The Court also noted that no answers or responsive pleadings had been filed by Centex and Members Title although it appeared that both had been served. (*See id.* at pp. 1-2.) Because Plaintiff had taken no further action against them, she was ordered to show cause why her claims against these two Defendants should not be dismissed for failure to prosecute. (*See id.*)

---

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

On November 26, 2007, Plaintiff filed a response to the Order To Show Cause. (Doc. 16.) Her response included her opposition to the motion to dismiss and a motion for default judgments against Centex, Gateway, and Members Title.

In opposition to the motion to dismiss, Plaintiff asserts that Nationstar accepted loan payments from her subject to fraudulent loan documents, foreclosed on her property, and actively participated in the entire foreclosure process. (*Id.* at p. 4.) She further states that she was denied an opportunity to be heard in the state court foreclosure action and that the judgment against her was the result of a violation of her procedural rights, up to and including the denial of her motion for delayed appeal. (*See id.* at p. 6 & Ex. C, E.) In addition, she asserts a right to rescind the mortgage agreement. (*Id.* at pp. 6-7.)

Plaintiff also specifies the relief she is seeking: (1) a return of the property free and clear of all encumbrances; (2) reimbursement of all payments made to Members Title and Gateway; (3) reimbursement of her expenses, including postage, copying costs, storage and moving costs, and house rental costs; and (4) compensatory damages for emotional distress caused by the foreclosure and alleged due process violations. (*Id.* at p. 7-8.)

Centex, asserting that it was the predecessor in name of Defendant Nationstar, filed a motion to dismiss echoing the grounds stated in the prior motion to dismiss. (Doc. 15; *see* Doc. 11.) Centex separately filed a response in opposition to Plaintiff's motion for default judgment against it. (Doc. 19.)

For the reasons that follow, the motions to dismiss by Nationstar and its

4

predecessor in name Centex should be granted.  The motion for default judgment should be construed as a motion for entry of default and granted in part and denied in part.

## II.  STANDARD OF REVIEW

On consideration of a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."  *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir. 2004) (citations omitted); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Because Plaintiff brings this case *pro se*, the court liberally construes the allegations in her favor.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992) (*pro se* pleadings should be construed more liberally than pleadings drafted by lawyers).  Moreover, "[a] *pro se* plaintiff's complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (quoting in part *Estelle*, 429 U.S. at 106).  The court, however, "need not accept as true legal conclusions or unwarranted factual inferences."  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

Although the Court may not consider matters outside of the pleadings in reviewing a Rule 12(b)(6) motion, when parties attach exhibits to a pleading, as in this case, the attachments become part of that pleading.  *See* Fed. R. Civ. P. 10(c); *Weiner v. Klais &*

*Co.*, 108 F.3d 86, 88-89 (6th Cir. 1997). Additionally, the Court may take judicial notice of items in the public record when deciding a motion to dismiss without converting the motion to a motion for summary judgment. *See Papasan v. Allain*, 478 U.S. 265, 268 n.1 (1986).

## III. DISCUSSION

**A.**     The motions to dismiss by Nationstar and Centex should be granted because Plaintiff's claims against them are barred by the *Rooker-Feldman* doctrine or, alternatively, by the doctrine of claim preclusion.

*Rooker-Feldman* is a combination of the abstention and *res judicata* doctrines, under which the Supreme Court's jurisdiction under 28 U.S.C. § 1257 precludes lower federal courts from engaging in the equivalent of the appellate review of state court proceedings. *Brown v. First Nationwide Mortg. Corp.*, 206 Fed. Appx. 436, 439 (6th Cir. 2006) (*per curiam*) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005)). The doctrine applies only in the limited situation of cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. *Rooker-Feldman* prohibits district courts from hearing claims that a state court judgment was unconstitutional or violated federal law, *see McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006), *cert denied*, 128 S. Ct. 41 (2007), but it does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a

6

matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *see Brown*, 206 Fed. Appx. at 439.  Federal jurisdiction is proper if a federal plaintiff presents an independent claim, even though the claim requires the federal court to deny the legal conclusion that a state court has reached.  *See Brown*, 206 Fed. Appx. at 439 (citing *Exxon Mobil Corp.*, 544 U.S. at 293; *GASH Assocs. v. Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)).

To differentiate between claims attacking state-court judgments, which are barred by *Rooker-Feldman*, and independent claims, over which lower federal court have jurisdiction, the court must focus on the source of the injury that the plaintiff alleges in the federal complaint.  *See McCormick*, 451 F.3d at 393.  "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction.  If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim."  *Id.*  Thus, a complaint in which the plaintiff contends she was injured by action of the defendants, rather than by the state court decision itself, is not barred by *Rooker-Feldman*.  *Brown*, 206 Fed. Appx. at 339.

In situations where there is federal jurisdiction, a claim may fail nonetheless under state preclusion law.  *Exxon Mobil Corp.*, 544 U.S. at 293.  Thus, if jurisdiction is proper, the Court must apply Ohio state law to determine if Plaintiff's claims should be precluded.  *See McCormick*, 451 F.3d at 393.

To the extent Plaintiff claims that she was denied procedural rights in the state

court foreclosure action and that the judgment was entered in violation of her rights under 42 U.S.C. § 1983 (*see* Doc. 16 at pp. 5-6, 8), her claims are barred by the *Rooker-Feldman* doctrine.  These are precisely the kind of claims to which the doctrine applies. *See McCormick*, 451 F.3d at 395.

To the extent Plaintiff claims that the foreclosure and related damages  –  *e.g.*, emotional distress and storage, moving and rental expenses  –  were the injuries that she suffered as the result of Nationstar's participation in the foreclosure process, such claims are also barred by the *Rooker-Feldman* doctrine.  *See Byrd v. Homecomings Financial Network*, 407 F. Supp. 2d 937, 943  (N.D. Ill. 2005) (holding that *Rooker-Feldman* barred claims where the alleged injuries were the result of a judgment confirming a foreclosure); *see also Sinclair v. United States,* No. 5:06-CV-179, 2007 WL 1106125, at *3-4 (W.D. Mich. Apr. 5, 2007) (holding that a claim of injury resulting from an eviction went "to the heart of the state court's eviction order" and was barred under *Rooker-Feldman*).

On the other hand, to the extent Plaintiff alleges violations arising from the procurement and execution of her mortgage loan, her claims are not barred by the doctrine.  *See, e.g., Brown*, 206 Fed. Appx. at 440 (holding that a claim based on actions that preceded the entry of a foreclosure decree was not barred by *Rooker-Feldman*).  Such claims, however, may be barred by the state law doctrine of claim preclusion.  *See McCormick*, 451 F.3d at 393.

Generally, claim preclusion refers to the effect of a judgment in barring litigation of a claim that has not been litigated but should have been advanced in the earlier suit.

8

*See In re Fordu*, 201 F.3d 693, 703 (6th Cir. 1999) (citing *Migra v. Warren County Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)); *see also Farmer v. City of Cincinnati*, No. 1:04-CV-080, 2006 WL 3762131, at *3 (S.D. Ohio Dec. 21, 2006). "In Ohio, claims are not precluded under the doctrine of claim preclusion unless those claims were or could have been litigated in a prior action." *Farmer*, 2006 WL 3762131, at *3 (citing *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997), *cert. denied*, 523 U.S. 1046 (1998)). Ohio law also provides that for claim preclusion principles to apply, the parties to the subsequent action must be identical to those of the former action or be in privity with them. *Id.* (citing *Johnson's Island, Inc. v. Board of Twp. Trs. of Danbury Twp.*, 69 Ohio St. 2d 241, 244, 431 N.E.2d 672, 674-75 (1982)).

It is undisputed that both Nationstar and Plaintiff were parties to the foreclosure action and that Centex is in privity with Nationstar. Moreover, claims under TILA, ECOA, and RESPA could have been brought in the prior action because the federal and state courts have concurrent jurisdiction over such claims. *See* 12 U.S.C. § 2614 (RESPA); 15 U.S.C. § 1640(e) (TILA); 15 U.S.C. § 1691e(c) (ECOA). There was no jurisdictional bar to prevent Plaintiff from bringing her state law claims of fraud and unfair or deceptive practices before the state court.

In sum, Plaintiff's claims against Nationstar and Centex are barred by the *Rooker-Feldman* doctrine and, alternatively, by the doctrine of claim preclusion. Thus, it appears beyond doubt that Plaintiff can prove no set of facts in support of her claims that would entitle her to relief against them.

Accordingly, Defendants Nationstar and Centex's motions to dismiss (Docs. 11 & 15) should be granted.

**B.**     The motion for default judgment against Defendant Centex should be denied.

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55.

The sequence of procedural steps required of one seeking judgment by default begins with the entry of a default by the clerk under Rule 55(a) upon the plaintiff's request. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983) (quoting *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)); s*ee also Brantley v. Runyon*, No. C-1-96-842, 1997 WL 373739, at *1 (S.D. Ohio June 19, 1997) ("In order to obtain a default judgment under Rule 55(b)(2), there must first be an entry of default as provided by Rule 55(a).").

"Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to have the entry set aside. If that motion is not made or is unsuccessful, and if no hearing is needed to ascertain damages, judgment by default may be entered by the court or, if the defendant has not appeared, by the clerk." *United Coin Meter Co.,* 705 F.2d at 844.

Plaintiff's motion for default judgment is premature because she has failed to obtain first an entry of default from the Clerk of Court pursuant to Fed. R. Civ. P. 55(a). *See Brantley*, 1997 WL 373739, at *1.

The present motion should not construed as a request or entry of default because, if so construed, it lacks merit. Centex has not "failed to appear or otherwise defend" within

10

the meaning of the rule.  *See* Fed. R. Civ. P. 55(a).

In the event that Centex's motion to dismiss is granted, the motion for default judgment against Centex should be denied as moot.

**C.**     The motion for default judgment against Defendant Gateway should be denied.

The motion for default judgment against Gateway is also premature because there has been no entry of default against this Defendant.  *See Brantley*, 1997 WL 373739, at *1.  If construed as a request for entry of default, the motion lacks merit.  The Court lacks *in personam* jurisdiction over Gateway.

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part that service of the summons and complaint must be made upon a defendant within 120 days after the filing of the complaint.  *See* Fed. R. Civ. P. 4(m).  "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights."  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999).  Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the defendant.  *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein).  Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made.  *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

The record contains no indication that the named defendant, Gateway Mortgage,

11

Inc., has waived service of process or that Plaintiff has served the named defendant with a summons and a copy of the complaint

Thus, the motion for default judgment against Gateway should be denied.

**D.** <u>The motion for entry of default judgment against Defendant Members Title should be construed as a motion for entry of default and granted.</u>

As previously noted, a motion for default judgment must be preceded by an entry of default. Because there has been no entry of default the motion for default judgment against Defendant Members Title is premature. The motion may be construed as a motion for entry of default, however, and granted because it appears that the requirements of Rule 55(a) have been met: Members Title, "a party against whom a judgment for affirmative relief is sought[,] has failed to plead or otherwise defend . . . and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a).

**IT IS THEREFORE RECOMMENDED THAT:**

1. The motions to dismiss by Defendants Nationstar Mortgage and Centex Home Equity Company (Docs. 11, 15) should be **GRANTED**;

2. Plaintiff Tessa O'Neal's motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) (Doc. 16) should be **GRANTED IN PART** and **DENIED IN PART**, as follows:

   (a) The motion for default judgment against Defendant Centex Home Equity Company should be **DENIED**;

   (b) The motion for default judgment against Defendant Gateway Mortgage,

12

Inc. should be **DENIED**; and

(c)     The motion for default judgment against Defendant Members Title Agency,

L.L.C. should be **CONSTRUED** as a motion for entry of default pursuant

to Fed. R. Civ. P. 55(a) and **GRANTED**.


Date:    2/26/08                              s/Timothy S. Black
                                              Timothy S. Black
                                              United States Magistrate Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TESSA O'NEAL, | : | Case No. 07-cv-505 |
| | : | |
| Plaintiff, | : | Dlott, J. |
| | : | Black, M.J. |
| vs. | : | |
| | : | |
| NATIONSTAR MORTGAGE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).