UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TESSA O'NEAL,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, *et al.*,

    Defendants.

Case No. 1:07-cv-505

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

# REPORT AND RECOMMENDATION[1] THAT THE COMPLAINT BE DISMISSED AS TO DEFENDANT GATEWAY MORTGAGE, INC. FOR FAILURE TO EFFECT SERVICE

Plaintiff initiated this action on June 28, 2007 by filing a motion for leave to proceed without prepayment of fees accompanied by a *pro se* complaint. (*See* Docs. 1, 6). The motion was granted; the complaint was filed; and summonses were issued to the named Defendants: Nationstar Mortgage ("Nationstar"), Centex Home Equity Company ("Centex"), Gateway Mortgage, Inc. ("Gateway"), and Members Title Agency LLC ("Members Title Agency"). (*See* Docs. 8, 9). Plaintiff has not served Defendant Gateway with a copy of the summons and complaint within 120 days as required by Fed. R. Civ. P. 4(m).

Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

> "If a Defendant is not served within 120 days after the filing of the complaint, the court – upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over Defendant Gateway. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and in showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996); *Jacobs v. Univ. of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999).

On October 29, 2008, this Court ordered Plaintiff to show cause why the complaint should not be dismissed as to Defendant Gateway for failure to serve. (Doc. 27). On November 28, 2008, Plaintiff responded to the order to show cause and indicated that there was a discrepancy regarding service of process with respect to Gateway and explained that it was necessary for the Clerk of Courts to contact the postal service for further information. (Doc. 30). Accordingly, Plaintiff was ordered to respond to the show cause order with that additional information. (Doc. 31).

On December 15, 2008, Plaintiff responded to the order to show cause explaining that she thought she had perfected service on Gateway but that she was given inaccurate information from the postal service. (Doc. 35). Plaintiff represented that she would continue to exercise due diligence in attempting to serve Gateway. (*Id*.)

On March 19, 2009 the Court notified Plaintiff that it proposed to dismiss the complaint as to Gateway without prejudice due to Plaintiff's failure to effect timely service of process of the summons and complaint and gave Plaintiff twenty days to effect service. (Doc. 39). On April 6, 2009, Plaintiff filed a notice evidencing her failed attempts to serve Gateway. (Doc. 42). In her notice, Plaintiff states that the owners of Gateway also "owned collectively 49.9% of Defendant Members Title Agency" and, accordingly, the Court should consider Members Title Agency's ownership interests significant enough that service upon it should also be construed as having effected service upon Gateway. (*Id*. at 2-3).

Plaintiff's argument is not well taken. Fed. R. Civ. P. 4(h) requires "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Plaintiff has failed to produce sufficient evidence that Members Title Agency is an "officer" or "agent" of Gateway.

In the alternative, Plaintiff requests that the Court issue a subpoena to Members Title Agency requesting documents concerning their relationship to Gateway. Plaintiff must follow the procedure set forth in Fed. R. Civ. P. 45[2] in order to issue a subpoena.[3]

---

[2] *See* form for subpoena to produce documents, information, or other objects at www.ohsd.uscourts.gov/forms.htm.

[3] It is important to note that although Plaintiff secured proper service on Defendant Members Title Agency, it has failed to answer or otherwise respond and a motion for default judgment is currently pending against Members Title Agency.

Plaintiff has had nearly two years to perfect service upon Defendant Gateway. Despite her best efforts to do so, this Court cannot continue to extend the period of service indefinitely. Accordingly, because the deadline set forth in the March 19, 2009 Order has now passed without Plaintiff having properly effectuated service upon Defendant Gateway as required by Rule 4(c), the undersigned **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** as to Defendant Gateway Mortgage, Inc. due to Plaintiff's failure to effect timely service of process of the summons and complaint.

Date: May 27, 2009                                                         s/ Timothy S. Black
                                                                           Timothy S. Black
                                                                           United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TESSA O'NEAL,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, *et al.*,

    Defendants.

Case No 1:07-cv-505

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).