UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| TESSA O'NEAL, | Case No. 1:07-cv-505 |
| Plaintiff, | Chief Judge Susan J. Dlott |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| NATIONSTAR MORTGAGE, *et al.*, | |
| Defendants. | |

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Doc. 36) BE GRANTED; AND (2) THIS CASE BE SET FOR AN EVIDENTIARY HEARING TO DETERMINE DAMAGES**

This civil case is before the Court on Plaintiff's motion for default judgment against Defendant Members Title Agency LLC. (Doc. 36). Members Title Agency did not respond to Plaintiff's motion. In an abundance of caution, the Court entered an Order to Members Title Agency to Show Cause why judgment should not be entered against it (*see* Doc. 42), but Members Title Agency did not respond to the Court's Order either, although it acknowledged service of the Order to Show Cause (*see* Doc. 45).

### I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action on June 28, 2007 by filing a motion for leave to proceed without prepayment of fees accompanied by a *pro se* complaint. (*See* Docs. 1, 6). The motion was granted; the complaint was filed; and summonses were issued to the named Defendants: Nationstar Mortgage ("Nationstar"), Centex Home Equity Company

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

("Centex"), Gateway Mortgage, Inc. ("Gateway"), and Members Title Agency LLC ("Members Title Agency"). (*See* Docs. 8, 9).

In her complaint, Plaintiff alleges that in October 2004 she received a flier from Gateway advertising special loan rates. (Doc. 6 at 5). Subsequently she signed loan documents through Gateway and Members Title Agency with Centex, which later changed its name to Nationstar. (*Id.*) After Plaintiff experienced financial difficulties and stopped making loan payments, Nationstar brought a state court foreclosure action against her. (*Id.*) The state court ruled in favor of Nationstar, which purchased her property at a Sheriff's sale. (*Id.*)

Plaintiff claims that Defendants are predatory lenders and seeks compensatory relief. (*Id.* at 5-6). Plaintiff attached an "Audit" to her complaint which sets out alleged violations of federal law and state law, including the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; as well as unfair and deceptive trade practices and common-law fraud. (*Id.*)

On June 29, 2007, Plaintiff filed a motion for a temporary restraining order seeking to stop a "set out" or eviction scheduled on her former property that day. (Doc. 3). She acknowledged in her motion that the present federal court action was preceded by a state court action in Clermont County, Ohio that had resulted in a judgment and decree of foreclosure. (*See* Doc. 3 at 1). She stated that her former property was sold at a Sheriff's

sale on March 19, 2007, with a Journal Entry on April 20, 2007 confirming the sale. (*Id.* at 1-2). The Clermont County court issued a writ of possession on May 4, 2007. (*Id.* at 2). A subsequent motion for estoppel was denied on May 10, 2007. (*Id.*) Plaintiff admitted that the time for an appeal had passed but was optimistic about her right to bring a "special consideration appeal" under Ohio Appellate Rules. (*See id.* at 3).

Following a hearing, the motion for a temporary restraining order was denied. (*See* Minutes Entry for June 29, 2007).

On August 28, 2007, Defendant Nationstar filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). (Doc. 11). As grounds for the motion Nationstar asserted that Plaintiff did not make any allegation against it and that the action was otherwise barred by the *Rooker-Feldman* doctrine.[2]

Because Plaintiff failed to file a timely response to the motion to dismiss, she was ordered to show cause why the motion should not be construed as unopposed and granted. (*See* Doc. 13). The Court also noted that no appearance had been entered on behalf of Centex and Members Title Agency, although both had been served. (*Id.* at 1-2). Plaintiff was ordered to show cause why her claims against Centex and Members Title Agency should not be dismissed for failure to prosecute. (*Id.*)

On November 26, 2007, Plaintiff filed a response to the order to show cause. (Doc. 16). Her response included her opposition to the motion to dismiss and a motion

---

[2] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

requesting the entry of defaults against Centex and Members Title Agency. (*Id.*)

Centex, asserting that it was the predecessor in name of Defendant Nationstar, filed a motion to dismiss echoing the grounds stated in the prior motion to dismiss. (Doc. 15; *see* Doc. 11). Centex separately filed a response in opposition to Plaintiff's motion for an entry of default against it. (Doc. 19).

On August 1, 2008, the District Judge granted Defendants Nationstar and Centex's motions to dismiss because Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, or, alternatively, by the doctrine of claim preclusion. (Doc. 25). Additionally, the Court construed the motion for default against Defendant Members Title Agency as a motion for entry of default pursuant to Fed. R. Civ. P. 55(a), which was granted.[3] (Doc. 25). Thereafter, the Clerk entered default on February 25, 2009. (Doc. 38). The motion for default judgment against Gateway was denied because the record contained no indication that it had been served. (Doc. 25).

In the instant motion for default judgment, Plaintiff seeks the following relief: (1) return of the property free and clear of all encumbrances; (2) reimbursement of all payments made to Centex and/or Nationstar; (3) reimbursement of her expenses, including audit expenses, postage, copying costs, storage, moving costs, application fee for water services, and house rental costs; and (4) compensatory damages for emotional distress caused by the foreclosure and alleged due process violations. (Doc. 36).

---

[3] On August 7, 2007, Defendant Members Title Agency was served with a summons and copy of the complaint. (Doc. 12). However, Members Title Agency failed to file an answer, move, or otherwise plead in response to the complaint.

4

## II.  DEFAULT JUDGMENT STANDARD

The procedure governing the entry of default and default judgment is provided by Fed. R. Civ. P. 55, which states in pertinent part:

> (a)  Entry.  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
>
> (b)  Judgment.  Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person.
>
> (2)  By the Court.  In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(a), (b).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided in the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk shall enter the party's default. *See* Fed.

5

R. Civ. P. 55(a).

Once the default has been entered, the well-pleaded facts of the complaint relating to liability must be accepted as true. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983). However, those allegations relating to the amount of damages suffered are ordinarily not accepted as true; rather, a judgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. (*Id.*)

"Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Antoine v. Atlas Turner. Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (*quoting Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982) *cert. denied*, 464 U.S. 818 (1983)). Affidavits submitted in support of the judgment amount are not necessarily conclusive. *Id*. Ordinarily, a district court must hold an evidentiary hearing in order to give the defaulting defendant an opportunity to contest the amount of damages. *Id*. (*quoting Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp*., 973 F.2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)). *See also Gen. Produce Co. v. Gibbs*, Case No. S-07-2699, 2008 U.S. Dist. LEXIS 29322, at *3 (E.D. Cal. Apr. 9, 2008) ("unliquidated and punitive damages, however, require 'proving up' at an evidentiary hearing").

# III. ANALYSIS

Upon review of the record, the undersigned finds and recommends that default judgment is warranted.

The Court finds that Defendant Members Title Agency was properly served (Doc. 12) with notice of these proceedings in accordance with Ohio Civ. R. 4.4 and has failed to plead or otherwise defend. Defendant Members Title Agency's failure to respond to Plaintiff's motion for default judgment (Doc. 24), entry of default (Doc. 38), complaint (Doc. 6), and this Court's order to show cause why judgment should not be entered against it for failure to answer or otherwise plead (Doc. 42), have made it abundantly clear that it has no intention of defending this action. Therefore, default judgment is warranted.

Upon default, the well-pleaded allegations in a complaint are taken as true; however, this rule applies only to liability, not alleged damages. The Court finds that default judgment as to liability is appropriate and thus the only unresolved issue is the amount of damages to award.

Plaintiff's damages are not evidenced in a detailed affidavit and cannot be ascertained by computation on the record before the Court. In support of its motion for default judgment Plaintiff provided various documents, including: (1) title deed to the property at 5810 Price Road; (2) audit expenses and shipping fees; (3) payments made to Centex and/or Nationstar; (4) public storage fees; (5) application for water services; and (6) moving expenses. (Doc. 36, Exs. A-F).

However, the Court finds that there is insufficient evidence before the Court to mathematically ascertain Plaintiff's damages. Furthermore, Plaintiff failed to submit an affidavit to authenticate or explain any of the documents supporting her claim for damages. Additionally, Plaintiff requests damages for emotional distress, but she did not submit any explanation or evidence of this harm. It also appears that Plaintiff has requested relief beyond what is permissible by statute. *See, e.g.*, 15 U.S.C. § 1640(a)(2)(A) (TILA establishes statutory damages in the amount of twice the finance charge, except that liability shall not be less than $100 or greater than $1,000); *Patton v. Jeff Wyler Eastgate, Inc.*, Case No. 1:06-cv-010, 2007 U.S. Dist. LEXIS 93130 (S.D. Ohio Dec. 19, 2007) (awarding $1,000 in statutory damages where although the financing charge was more than $10,000, the statutory ceiling for damages under TILA is $1,000). Plaintiff has failed to offer any statutory support for her requested damages.

### IV.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's motion for default judgment (Doc. 24) should be **GRANTED**, and default judgment should be entered in Plaintiff's favor and against Defendant Members Title Agency. After the District Judge acts on this Report and Recommendation, and if appropriate thereunder, the case shall be set for an evidentiary hearing to determine appropriate damages. Additionally, Plaintiff shall be required to file a memorandum on the issue of damages prior to the evidentiary hearing, submitting legal support for the relief requested.

Thereafter, if referred to the Magistrate Judge for hearing, he shall take evidence and submit a Report and Recommendation on an award of damages, if any.


Date: May 27, 2009                                      s/ Timothy S. Black
                                                        Timothy S. Black
                                                        United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TESSA O'NEAL,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, *et al.*,

    Defendants.

Case No 1:07-cv-505

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FIFTEEN (15) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).