UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TESSA O'NEAL,                               Case No. 1:07-cv-505

    Plaintiff,                            Chief Judge Susan J. Dlott

vs.

NATIONSTAR MORTGAGE, *et al.*,

    Defendants.

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF BE AWARDED JUDGMENT AGAINST MEMBERS TITLE AGENCY IN THE AMOUNT OF $3,048.98; AND (2) THIS CASE BE CLOSED**

This civil case is before the Court to determine whether Plaintiff is entitled to a default judgment damage award against Defendant Members Title Agency LLC.[2] (Doc. 36).

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Plaintiff initiated this action on June 28, 2007, by filing a motion for leave to proceed without prepayment of fees accompanied by a *pro se* complaint. (*See* Docs. 1, 6). The motion was granted; the complaint was filed; and summonses were issued to the named Defendants: Nationstar Mortgage ("Nationstar"), Centex Home Equity Company

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Members Title Agency did not respond to Plaintiff's motion for default judgment. In an abundance of caution, the Court entered an Order to Members Title Agency to Show Cause why judgment should not be entered against it (*see* Doc. 42), but Members Title Agency did not respond to the Court's Order either, although it acknowledged service of the Order to Show Cause (*see* Doc. 45).

("Centex"), Gateway Mortgage, Inc. ("Gateway"), and Members Title Agency LLC ("Members Title Agency"). (*See* Docs. 8, 9).

In her complaint, Plaintiff alleges that in October 2004 she received a flier from Gateway advertising special loan rates. (Doc. 6 at 5). Subsequently she signed loan documents through Gateway and Members Title Agency with Centex, which later changed its name to Nationstar. (*Id.*) After Plaintiff experienced financial difficulties and stopped making loan payments, Nationstar brought a state court foreclosure action against her. (*Id.*) The state court ruled in favor of Nationstar, which purchased her property at a Sheriff's sale. (*Id.*)

Plaintiff claims that Defendants are predatory lenders and seeks compensatory relief. (*Id.* at 5-6). Plaintiff attached an "Audit" to her complaint which sets out alleged violations of federal law and state law, including the Truth-In-Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*; the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691 *et seq.*; the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*; as well as unfair and deceptive trade practices and common-law fraud. (*Id.*)

On June 29, 2007, Plaintiff filed a motion for a temporary restraining order seeking to stop a "set out" or eviction scheduled on her former property that day. (Doc. 3). She acknowledged in her motion that the present federal court action was preceded by a state court action in Clermont County, Ohio that had resulted in a judgment and decree of foreclosure. (*See* Doc. 3 at 1). She stated that her former property was sold at a Sheriff's sale on March 19, 2007, with a Journal Entry on April 20, 2007 confirming the sale. (*Id.*

at 1-2). The Clermont County court issued a writ of possession on May 4, 2007. (*Id.* at 2). A subsequent motion for estoppel was denied on May 10, 2007. (*Id.*) Plaintiff admitted that the time for an appeal had passed but was optimistic about her right to bring a "special consideration appeal" under Ohio Appellate Rules. (*See id.* at 3). Following a hearing, this Court denied Plaintiff's motion for a temporary restraining order. (*See* Minutes Entry for June 29, 2007).

On August 28, 2007, Defendant Nationstar filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6). (Doc. 11). As grounds for the motion, Nationstar asserted that Plaintiff did not make any allegation against it and that the action was otherwise barred by the *Rooker-Feldman* doctrine.[3]

Because Plaintiff failed to file a timely response to the motion to dismiss, she was ordered to show cause why the motion should not be construed as unopposed and granted. (*See* Doc. 13). The Court also noted that no appearance had been entered on behalf of Centex and Members Title Agency, although both had been served. (*Id.* at 1-2). Plaintiff was ordered to show cause why her claims against Centex and Members Title Agency should not be dismissed for failure to prosecute. (*Id.*)

On November 26, 2007, Plaintiff filed a response to the order to show cause. (Doc. 16). Her response included her opposition to the motion to dismiss and a motion requesting the entry of defaults against Centex and Members Title Agency. (*Id.*)

---

[3] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

Centex, asserting that it was the predecessor in name of Defendant Nationstar, filed a motion to dismiss echoing the grounds stated in the prior motion to dismiss. (Doc. 15; *see* Doc. 11). Centex separately filed a response in opposition to Plaintiff's motion for an entry of default against it. (Doc. 19).

On August 1, 2008, the District Judge granted Defendants Nationstar and Centex's motions to dismiss because Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, or, alternatively, by the doctrine of claim preclusion. (Doc. 25). Additionally, the Court construed the motion for default against Defendant Members Title Agency as a motion for entry of default pursuant to Fed. R. Civ. P. 55(a), which was granted. (Doc. 25). Thereafter, the Clerk entered default on February 25, 2009 (Doc. 38), and the District Judge subsequently granted default judgment (Doc. 50).

On June 23, 2009, Defendant Gateway Mortgage was dismissed due to Plaintiff's failure to effect timely service of process of the summons and complaint. (Doc. 49). Accordingly, Defendant Members Title Agency is the only remaining Defendant.

## II. ANALYSIS

Pursuant to TILA, 15 U.S.C. § 1601(a), RESPA, 12 U.S.C. § 2605(e), and ECOA, 15 U.S.C. § 1691e(a), a consumer harmed by a violation of any of these statutes may recover actual damages. "Actual damage is most appropriately defined as all those damages directly and naturally resulting, in the ordinary course of events, from the injury in question." *Mitchell v. Seaboard Sys. R.R.*, 883 F.2d 451, 453 (6th Cir. 1989).

On August 19, 2009, the undersigned of this Court held an evidentiary hearing at which Plaintiff appeared and presented testimony and evidence on the issue of damages. Plaintiff requested the following damages (*see also* Doc. 36):

1. Return of the property located at 5810 Price Road, Milford, Ohio, or the cash value of said property.

2. Reimbursement for audit expenses ($595.00) and postage fees ($43.92) incurred for the audit.

3. Reimbursement for all payments made to Centex and/or Nationstar ($24,998.40).

4. Public storage fees which were incurred for Plaintiff's personal property when the home was foreclosed ($89.65).

5. Rent and related fees for the properties Plaintiff has occupied since the foreclosure.

6. Moving expenses from the 5810 Price Road property to the rental property ($497.75).

7. Estimated moving expenses from the rental property to 5810 Price Road ($497.75).

The Court will address each request in turn.

**A.   Return of Property at 5810 Price Road or Cash Value of Said Property**

Plaintiff represented to the Court that the property at 5810 Price Road was sold at a sheriff's sale and is currently occupied by new owners. This Court does not have the authority to return said property to Plaintiff. Additionally, it would be improper for this Court to award the value of said property to Plaintiff as Plaintiff owned the property at 5810 Price Road subject to a mortgage. Thus, Plaintiff is not entitled to recover the value of the property.

### B. Audit Expenses

But for Defendant's predatory lending practices, Plaintiff would not have had to obtain an audit. Therefore, the audit and related fees are actual damages to which Plaintiff is entitled. Accordingly, Plaintiff should be awarded $638.92 for audit expenses.

### C. Reimbursement For Payments Made to Centex and/or Nationstar

Plaintiff paid $24,998.40 to Centex and/or Nationstar in the form of monthly mortgage payments for the property at 5810 Price Road. However, the majority of those payments went toward interest on the mortgage and do not constitute actual damages. However, Plaintiff did pay $1,822.66 toward the mortgage principal and therefore should recover that amount. (*See* Doc. 35, Ex. C).

### D. Storage Fees

But for Defendant's predatory lending practices, Plaintiff's personal property would not have been transported to a storage facility. Therefore, storage fees are actual damages to which Plaintiff is entitled. Accordingly, Plaintiff should be awarded $89.65 for storage fees.

### E. Rental Fees

Regardless of the foreclosure, Plaintiff would have had to pay for living expenses, whether that be the mortgage on the property at 5810 Price Road or a rental unit elsewhere. Rental fees and related expenses are not actual damages and therefore should not be awarded.

**F. Moving Expenses**

Plaintiff requests moving expenses both for her move from 5810 Price Road to a rental unit and estimated expenses to move from the rental unit back into the property at 5810 Price Road. Moving expenses incurred from transporting personal property from the foreclosed home to a rental unit are actual damages. Accordingly, Plaintiff should be awarded $497.75 for moving expenses.

Therefore, Plaintiff is entitled to damages in the following amount:

```
Audit expenses:      $   638.92
Principal payments:  $1,822.66
Storage fees:        $    89.65
Moving expenses:     $   497.75

TOTAL:               $3,048.98
```

## III.

### IT IS THEREFORE RECOMMENDED THAT:

Plaintiff be awarded judgment against Members Title Agency in the amount of $3,048.98 and this case be closed.


Date: 5/26/10, nunc pro tunc 5/13/10,    s/ Timothy S. Black
reflecting work as the assigned           Timothy S. Black
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TESSA O'NEAL,

    Plaintiff,

vs.

NATIONSTAR MORTGAGE, *et al.*,

    Defendants.

Case No 1:07-cv-505

Chief Judge Susan J. Dlott
Magistrate Judge Timothy S. Black

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).